**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BUCKEYE DIAMOND LOGISTICS, INC.
fka BUCKEYE RECYCLERS, INC.

Plaintiff,

v.

CHEP USA, a general partnership

Defendant.

Case No. C3-01-440

Judge Walter Herbert Rice

**BUCKEYE DIAMOND LOGISITICS' MEMORANDUM IN OPPOSITION TO CHEP USA'S MOTION TO STRIKE JURY DEMAND**

## I. Introduction

CHEP USA's Motion to Strike Jury Demand erroneously asserts that Buckeye Diamond Logistics is not entitled to a jury on its unjust enrichment claim in this case. CHEP's motion should be overruled because (1) it ignores controlling Sixth Circuit precedent holding that an action for actual or compensatory damages is entitled under the Seventh Amendment to a jury trial; (2) it ignores that under Ohio law the distinction between a claim in law and equity is based on whether money damages are the predominant form of relief sought; and (3) it ignores Buckeye's right to a jury under Section 5, Article I of the Ohio Constitution and Ohio Revised Code § 2311.04. CHEP's Motion also ignores that fact that CHEP cannot unilaterally waive trial by jury on its conversion counterclaim. For all of these reason, CHEP's Motion to Strike Jury Demand should be overruled.

## II. Argument

### A. CHEP Ignores the Controlling Sixth Circuit Standard for Determining Whether a Jury Is Required, and therefore Urges the Court to Erroneously Strike Buckeye's Jury Demand

In seeking to avoid having Buckeye's claim for unjust enrichment heard by a jury of its peers, CHEP misstates the applicable standard in the Sixth Circuit for determining whether a claim is one in law or equity for purposes of the Seventh Amendment right to a jury trial. The Sixth Circuit, resting on Supreme Court precedent, has held that a three prong analysis must be applied:

> As our cases indicate, the "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries.

Hildebrand v. Board of Trustees of Michigan State University, 607 F.2d 705, 707 (6th Cir. 1979) (quoting Ross v. Bernhard, 396 U.S. 531, 538 n. 10 (1970)). In Hildebrand, the Sixth Circuit then went on to explain how the issue of the nature of a claim should be determined:

> A key dividing line between law and equity has historically been that the former deals with money damages and the latter with injunctive relief. … [A] claim for actual and/or punitive damages is viewed as purely 'legal.'
>
> ***
>
> The above-cited authorities mandate that the chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought. If the remedy sought is injunctive relief and/or back pay, no jury trial right attaches. In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury.

Id. at 708 (citing National Union Electric Corp. v. Wilson, 434 F.2d 986, 988 (6th Cir. 1970) ("In our judgment, the averments in the causes of action for damages for

conspiracy, return of salary payments, accounting and punitive damages, stated actions at law in which the defendants as of right were entitled to a trial by jury, and the Court erred in denying it"). See also Thomas v. Dayton Power & Light, 710 F. Supp. 1146, 1148 (S.D. Ohio 1988) (Rice, J.) (striking a jury demand but finding that "[o]f course, in the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does indeed exist a right to trial by jury").

CHEP entirely ignores this controlling framework for analysis, and instead relies almost entirely upon an unreported decision from another Circuit, which ignored the nature of the relief sought, and instead conflates the notion that as a matter of equity (i.e., fairness) a party should not be entitle to reap an unjust benefit with the common law distinction between law and equity. In the Sixth Circuit, that determination is made primarily based upon whether the claim in question is a money claim for actual or compensatory damages. There can be no question that such damages are what Buckeye seeks on its unjust enrichment claim, and accordingly that it is entitled to have a jury hear its claim in this case.

### B. CHEP Ignores Ohio Case Law Holding that a Claim Seeking Money Damages, such as Buckeye's Unjust Enrichment Claim, Is Not a Claim in Equity

Telling, CHEP does not and cannot cite any case under Ohio law holding that an action for unjust enrichment is an action in equity rather than law. Instead, CHEP confuses decisions describing unjust enrichment as based in the equities of the circumstances with the distinction between law and equity for purposes of Seventh Amendment analysis. Like the Sixth Circuit, Ohio courts have repeatedly found that the determination of whether a claim is one in law or equity for purposed of determining a

right to trial by jury is based upon whether the principle claim for relief is money damages. See Averill Coal and Oil Co. v Verner, 22 Ohio St. 372, Syllabus ¶ 1 (1872) ("In an action for the recovery of money wherein the only relief prayed for is a money judgment, either party is entitled to demand a trial by jury, notwithstanding numerous items of account, or of claim and counter-claim are involved in the issue"); Raskow v. Fortner, 1998 WL 178570 *3 (Ohio App. 9th Dist. Summit Cty. 1998) ("Plaintiffs' complaint alleged a cause of action for money damages. Those damages were not incidental to the equitable relief that they requested. Consequently, they were entitled to a jury trial.") (copy attached at App. A); Magee v. Kiesewetter, 98 Ohio App. 539, 130 N.E.2d 704 Syllabus ¶ 1 (1st Dist. Hamilton Cty. 1955) ("Where the principal relief prayed for is a money judgment, the case is an action at law, triable to a jury); Woodmansee v. Schiff, 24 Ohio App. 451, 454, 158 N.E. 193, 194 (1st Dist. Hamilton Cty. 1926) ("an action for the recovery of money as a debt or as damages is essentially an action at law"). Thus no basis in Ohio law exists for asserting that Buckeye's claim is one in equity to which it is not entitled to a jury.

### C. CHEP Ignores that Ohio Rev. Code § 2311.04 Entitles Buckeye to a Jury Trial on Its Claims

Moreover, apart from Buckeye's Seventh Amendment right to a jury trial, Buckeye is also entitled to a jury trial by the Ohio Constitution and its statutes. This right cannot be denied by the removal of this case from state court to this Court: "The right to a jury trial does not involve merely a question of procedure. The right to jury trial derives from Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial

by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege." Cleveland Ry. Co. v. Halliday, 127 Ohio St. 278, 284, 188 N.E. 1, 3 (1933); see also Kneisley v. Lattimer-Stevens Co., 40 Ohio St.3d 354, 356, 533 N.E.2d 743, 746 (1988).

Section 5, Article I of the Ohio Constitution provides: "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury." While this provision, like the Seventh Amendment is limited to actions in law at the time of its adoption,[1] Buckeye's right to trial by jury in this case is expanded and guaranteed by statute:

> Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived or unless all parties consent to a reference under the Rules of Civil Procedure.

---

[1] As explained in Raskow v. Fortner, 1998 WL 178570 *2, the determination to be made under the Ohio Constitution is whether the money damages sought are merely incidental to the equitable relief sought:

> Pursuant to Article I, Section 5, of the Ohio Constitution and Section 2311.04 of the Ohio Revised Code, a demand for a money judgment usually entitles a plaintiff to a jury trial. A plaintiff has no right to a jury trial, however, for the resolution of equitable claims, and a trial court may itself resolve those claims. When a case presents both a legal and equitable claim for relief, and the money demand is "incidental and ancillary" to the equitable claim and can be awarded only if the equitable relief is granted first, then the case is predominantly an equitable action, for which no jury trial is required.
>
> In this case, plaintiffs sought compensatory damages, punitive damages, and equitable relief in the form of an injunction. Their request for damages did not depend on their first obtaining the equitable relief for which they asked. Their claim was to compensate them for the damages that they had allegedly sustained as a result of the past flooding of their property. Along with that claim, they asked for an injunction to prevent future flooding. Had plaintiffs not requested equitable relief, and demanded only a money judgment, they would have been entitled to a jury trial. The trial court's decision to try this case itself, merely because plaintiffs joined with their legal claim an equitable cause of action, infringed upon their constitutional right to a jury trial.

(citations omitted).

Ohio Revised Code § 2311.04. Ohio courts have repeatedly affirmed that this statute requires fact issues pertaining to a money damages claim to be tried to a jury. See Raskow v. Fortner, 1998 WL 178570 *2; Mooney v. Green, 4 Ohio App.3d 175, 446 N.E.2d 1135 Syllabus ¶ 1 (12th Dist. Clinton Cty. 1982) ("A complaint seeking to recover a commission on the sale of real property is an action for money only and, as such, is a legal action, entitling plaintiff to a trial by jury," citing Ohio Revised Code § 2311.04); Monroe v. Golner, 101 Ohio App. 290, 139 N.E.2d 483 Syllabus ¶ 1 (6th Dist. Lucas Cty. 1955) ("Section 2311.04, Revised Code, relating to the 'trial of issues,' contains a mandatory provision respecting the right of trial by jury in an action for the recovery of money"). The fact that Buckeye also seeks a declaration as to the amounts it should receive for future unjust enrichment by CHEP does not deprive it of the right to a jury trial – a right to jury trial exists when a declaratory judgment action seeks the recovery of money. Erie Ins. Group v. Fisher, 15 Ohio St.3d 380, 474 N.E.2d 320 (1984). As a matter of statute as well as constitutional right, Buckeye is entitled to a jury determination of its unjust enrichment claim.

### D. CHEP Ignores that It Is Not Entitled to Waive Its Jury Demand on It Counterclaim without Buckeye's Consent

The final error in CHEP's argument is its assertion that CHEP can unilaterally waive the jury demand on its counterclaim for conversion. Fed. R. Civ. Pro. 38(d) provides, to the contrary: "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Buckeye respectfully declines to consent to waiver of the jury demand on this claim, and CHEP is therefore not entitled to eliminate the jury on this counterclaim any more than it could defeat Buckeye's right to a jury on its unjust enrichment claim.

## III. Conclusion

For the foregoing reasons, the Court should protect Buckeye's statutory and constitutional rights to have its claim decided by a jury, and overrule CHEP USA's Motion to Strike Jury Demand.

s/ James A. Wilson

James A. Wilson (0030704)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-5606
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this Motion was served on October 2, 2004, by electronic delivery or facsimile upon:

John C. McDonald
Kevin L. Murch
Schottenstein Zox & Dunn
250 West Street
Columbus, OH 43215

s/ James A. Wilson
James A. Wilson