IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUCKEYE DIAMOND LOGISTICS, INC. :
fka BUCKEYE RECYCLERS, INC. :
:
:
:
      Plaintiff, :
:   Case No. C3-01-440
:
v. :
:   Judge Walter Herbert Rice
CHEP USA, a general partnership :
:
      Defendant. :

## DEFENDANT CHEP USA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JURY DEMAND

In its Memorandum in Opposition to CHEP USA's ("CHEP") Motion to Strike Jury Demand, Buckeye argues that CHEP "misstates the applicable standard in the Sixth Circuit for determining whether a claim is one in law or equity for purposes of the Seventh Amendment right to a jury trial." (Memo. Opp. at 2.) Buckeye claims that the determination "is made primarily based upon whether the claim in question is a money claim for actual or compensatory damages." (Memo. Opp at 3.) Binding Sixth Circuit case law completely contradicts Buckeye's position.

    A.    **The Determining Factor is Whether the Relief Requested is Legal or Equitable**

It is axiomatic that in order to determine whether the Seventh Amendment entitles a particular litigant to a jury trial in a particular case, the Court must determine whether the case will resolve legal rights, entitling plaintiff to a trial by jury, or only equitable rights, for which there is no right to a jury. Golden v. Kelsey-Hayes Company, 73 F.3d 648, 659 (6th Cir. 1996)

{H0477387.1}

(affirming the trial court's granting of a motion to strike jury demand because the plaintiff's claims were entirely equitable). Although a claim for damages is oftentimes indicative of a "legal" claim, that is <u>not</u> the determining factor.

> It is accepted throughout this country that a monetary award, <u>generally</u>, is a form of legal relief. [Citations omitted]. It is <u>not true</u>, however, that "any award of monetary relief must *necessarily* be 'legal' relief." [Citations omitted]. It is well settled that <u>equitable relief includes monetary damages</u> where required to afford complete relief.

<u>Id.</u> at 661 (first emphasis added, second emphasis in original). Thus, the simple fact that Buckeye is seeking a monetary award does not magically transform its unjust enrichment claim from an equitable to a legal claim nor does it entitle Buckeye to a trial by jury.

### B. <u>Buckeye's Reliance on Ohio Law is Misplaced</u>

Buckeye spends nearly three pages of its Memorandum in Opposition arguing that under Ohio law it is entitled to a jury trial on its equitable unjust enrichment claim. Regardless of the fact that none of the authority cited supports the proposition that an equitable claim such as unjust enrichment becomes a legal claim simply because the plaintiff is seeking a monetary award, Ohio law is completely inapplicable in this case. "Whether a case is entitled to a jury trial is a decision that <u>must be made according to federal law in diversity cases</u>." <u>Mile High Indus. v. Cohen</u>, 222 F.3d 845, 856 (10th Cir. 2000). Because federal law controls this diversity action, Ohio law is irrelevant and Buckeye's reliance on it is misplaced.

### C. <u>Unjust Enrichment is an Entirely Equitable Claim</u>

In its Memorandum in Opposition, Buckeye states that it is "telling" that "CHEP does not and cannot cite any case under Ohio law holding that an action or unjust enrichment is an action in equity rather than law." (Memo. Opp. at 3.) This statement is curious given that this Court has already determined that Buckeye's unjust enrichment claim is an equitable remedy. In its

August 11, 2003 Decision and Entry, the Court refers to Buckeye's unjust enrichment claim as an "equitable" claim. (Doc. # 61 at 39.) Additionally, the Court states that with respect to the unjust enrichment claim, the "relief available is based on equitable principles of the value of the plaintiff's performance." (Doc. # 61 at 39.) Similarly, recent Sixth Circuit authority establishes that unjust enrichment is an equitable remedy. See Andersons, Inc. v. Consol, Inc., 348 F.3d 496, 502 (6th Cir. 2003) (explaining that the "doctrine of unjust enrichment provides an equitable remedy imposed to prevent injustice"). Finally, although not at all relevant, Ohio cases indeed support CHEP's position that unjust enrichment is an equitable claim. See Weiner v. W.A. Hill & Assoc., 104 Ohio App. 3d 250, 261, 661 N.E.2d 796, 804 (Ohio Ct. App. 1995) (explaining that "[u]njust enrichment is an equitable doctrine in which the law implies a promise to pay the reasonable value of services rendered where one confers a benefit upon another without receiving just compensation for those services") (emphasis added). Accordingly, because Buckeye's remaining claim is wholly equitable in nature, it is not entitled to a jury and its jury demand should be stricken.

D. **Buckeye is Not Entitled to a Jury on CHEP's Counterclaim**

Buckeye asserts that CHEP cannot unilaterally waive its jury demand on its counterclaim for conversion. However, Buckeye ignores the fact that CHEP did not assert a jury demand on its counterclaim. Thus, this is not an issue where CHEP is seeking to unilaterally waive its jury demand. Rather, CHEP seeks only to strike Buckeye's jury demand on its claims because its only remaining claim is equitable, for which the Seventh Amendment right to a jury does not attach.

E.  **Conclusion**

Federal law controls the issue of whether Buckeye is entitled to a jury. Federal law, including binding Sixth Circuit authority, is clear that the right to a jury trial does not attach to claims that are entirely equitable. Buckeye's remaining claims are, as this Court previously held, equitable. Accordingly, under binding federal and Sixth Circuit law, Buckeye is not entitled to a jury and its jury demand should be stricken. Therefore, CHEP respectfully requests that the Court grant its Motion and strike Buckeye's jury demand.

Respectfully submitted,

s/ John C. McDonald
John C. McDonald, Esq. (0012190)
P.O. Box 165020
Columbus, Ohio 43216
Tele: (614) 462-2700
Fax: (614) 462-5135
Trial Attorney for Defendant,
CHEP USA

**OF COUNSEL**:
Kevin L. Murch, Esq. (0066833)
Schottenstein, Zox & Dunn
P.O. Box 165020
Columbus, Ohio 43216
Tele: (614) 462-2700
Fax: (614) 462-5135

{H0477387.1}  4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served the 5th day of October, 2004, via the Court's electronic filing notification upon:

James A. Wilson
Vorys, Sater, Seymour & Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Trial Attorney for Plaintiff

        s/ John C. McDonald
        John C. McDonald