## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BUCKEYE DIAMOND LOGISTICS, INC. : | |
| fka BUCKEYE RECYCLERS, INC. : | |
| : | |
| Plaintiff, : | |
| : | Case No. C3-01-440 |
| : | |
| v. : | |
| : | Judge Walter Herbert Rice |
| CHEP USA, a general partnership : | |
| : | |
| Defendant. : | |

### BUCKEYE DIAMOND LOGISTICS' MOTION FOR CERTIFICATION OF ISSUE FOR INTERLOCUTORY APPEAL

Buckeye Diamond Logistics hereby moves the Court for certification, pursuant to 28 U.S.C. § 1292(b), of the Court's decision granting CHEP USA's Motion to Strike Jury Demand for interlocutory appeal.  A memorandum in support is submitted herewith.

                s/James A. Wilson
James A. Wilson   (0030704)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio  43216-1008
(614) 464-5606
Attorneys for Plaintiff

## **MEMORANUDM IN SUPPORT**

Buckeye Diamond Logistics respectfully requests that the Court certify its decision granting CHEP USA's Motion to Strike Jury Demand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The following grounds support this motion:

1. The Sixth Circuit in National Union Electric Corporation v. Wilson, 434 F.2d 986, 988 (6th Cir. 1970), has specifically found that denial of trial by jury is appropriate for interlocutory review.[1]  Likewise, other circuits have found interlocutory appeal the proper means for reviewing the parties' right to trial by jury.  Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, (10th 1998); Kampa v. White Consol. Industries, Inc., 115 F.3d 585 (8th Cir. 1997); Stewart v. KHD Deutz of America Corp., 75 F.3d 1522 (11th 1996)

2. The issue of whether Buckeye is entitled to a trial by jury cannot readily be preserved for review after trial.  Both parties will have expended the costs of trial, and any review of this issue after trial will not undo that considerable expense.  Indeed, the Supreme Court has held:  "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."  Dimick v. Schiedt, 293 U.S. 474, 486 (1935).  As such, the issue of whether Buckeye is entitled to a jury on its claim for unjust enrichment is a controlling question of law upon which it is particularly important to allow interlocutory appeal.

---

[1] Absent certification for interlocutory appeal, the issue may be raised by a petition for a writ of mandamus. See Dairy Queen v. Wood, 369 U.S. 469, 472 (1962); Beacon Theatres v. Westover, 359 U.S. 500 (1959); Golden v. Kelsey-Hayes Co., 73 F.3d 648 (6th Cir. 1996).  Obviously, allowing an interlocutory appeal would be a much more orderly process for allowing the Court of Appeals to review this issue.

3. Respectfully, Buckeye urges that there are substantial grounds for difference of opinion concerning whether Buckeye is entitled to a jury trial on its claim for unjust enrichment. At least the following issues are issues of first impression in the Sixth Circuit: (a) whether under Ohio law and the Seventh Amendment, Buckeye's claim for unjust enrichment is a cause of action at law which it has a right to have determined by a jury, both (i) because monetary relief is the predominant form of damages sought, Hildebrand v. Board of Trustees of Michigan State University, 607 F.2d 705, 707 (6th Cir. 1979) (quoting Ross v. Bernhard, 396 U.S. 531, 538 n. 10 (1970)), and (ii) because the cause of action for unjust enrichment has common ancestry both in law and equity, *Restatement of Restitution*, Introductory Note pp. 4-10; (b) whether right to a jury under Ohio Revised Code § 2311.04 is a substantive right that cannot be abridged by removal of this action from state court to this Court; and (c) whether right to a jury under Section 5, Article I of the Ohio Constitution is a substantive right that cannot be abridged by removal of this action from state court to this Court. Cleveland Ry. Co. v. Halliday, 127 Ohio St. 278, 284, 188 N.E. 1, 3 (1933).

4. Allowing an immediate interlocutory appeal will advance the ultimate determination of this litigation by insuring that the Court and the parties resources are not wasted on a trial that would have to be duplicated if the Sixth Circuit finds Buckeye entitled to a jury. Further, Buckeye will seek expedited briefing of an interlocutory appeal, if it is allow, so as to minimize any delay in final resolution of this case.

Accordingly, Buckeye respectfully request that the Court certify its order granting CHEP's Motion to Strike Jury Demand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

    s/James A. Wilson
James A. Wilson   (0030704)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio  43216-1008
(614) 464-5606
Attorneys for Plaintiff

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this Motion was served on October 14, 2004, by electronic delivery upon:

> John C. McDonald
> Kevin L. Murch
> Schottenstein Zox & Dunn
> 250 West Street
> Columbus, OH  43215

                                        s/James A. Wilson
                                        James A. Wilson